**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. CR-22-151-R** |
| | ) | |
| **SHANNON LONGMAN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Before the Court is Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 57].

Rule 4 of the Rules Governing Section 2255 Proceedings provides that a court must "promptly examine" a habeas petition and must dismiss the petition "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Additionally, "Tenth Circuit case law is clear that a court may raise a procedural bar in the habeas corpus context on its own motion." *United States v. DeClerck*, 252 F. App'x 220, 224 (10th Cir. 2007) (citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992). "[I]f a court elects to raise a defense sua sponte, the court must generally afford the movant an opportunity to respond to the defense." *Hines v. United States*, 971 F.2d 506 (10th Cir. 1992)).

Section 2255 imposes a one-year statute of limitations for federal prisoners to bring their motion. The limitation period runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Defendant entered a plea of guilty and did not file a direct appeal. Her sentence and judgment of conviction was entered on July 19, 2023 and became final fourteen days later. *See* Fed. R. App. P. 4(b)(1)(A)(i) (requiring notice of appeal within fourteen days after entry of criminal judgment); *United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). Defendant filed her motion on March 20, 2026, well past the expiration of the one-year time limit contained in § 2255(f)(1), and no other factual or legal basis for a finding of timeliness is apparent. Defendant's motion thus appears to be untimely and subject to dismissal with prejudice.

The Court therefore directs Defendant to show cause by May 4, 2026 as to why the Court should not dismiss the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence as time-barred. Failure to respond within this time period will result in dismissal without further notice.

IT IS SO ORDERED this 2nd day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE